BERNARD KELLY AND CORNELIUS A. BUNNER, APPEL-LANTS, v. CHARLES CHRISTAL AND WILLIAM B. MARSH, AS EXECUTORS OF ALEXANDER HOAG, DECEASED, WILLIAM CHRISTAL, JOSEPH STRUTHERS AND CHARLES E. CHRISTAL, RESPONDENTS.

*Undertaking — when not set aside because of fraud in procuring it — what not a mis-trial.*

An undertaking, given to procure the release of defendant's property from an attachment, will not be set aside because the surety was induced to sign it through the fraud of the defendant, if the plaintiffs were in no way privy thereto.

The trial of an action was commenced before Mr. Justice PRATT on October 7, 1877, and continued until January 26, 1878, testimony being taken at various intermediate dates. The term of office of Mr. Justice PRATT expired December 31, 1877, but having been re-elected he commenced a new term January 1, 1878. No objection was made to proceeding with the trial by any of the parties at any time.

*Held,* that no objection to the regularity of the proceedings could be raised after judgment therein.

APPEAL from a judgment, in favor of the defendant, dismissing the complaint, entered upon the trial of this action by the court without a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried; and also from an order denying a motion to set aside the trial and decision as a mis-trial.

The plaintiffs are sureties upon an undertaking given to discharge an attachment; and this action is brought to have the undertaking surrendered and canceled, upon the ground that it was obtained from them by a fraud; and also to have the judgment that was recovered in the action in which the attachment was issued declared fraudulent as against them, upon the ground that it was recovered by collusion between the parties to the action, in pursuance of a conspiracy formed between them to collect a fictitious debt from the plaintiffs as sureties upon the undertaking.

*Benj. M. Stilwell*, for the appellants.

*Edward S. Clinch*, for the executor's respondents.

*Charles E. Croswell*, for the respondent Charles E. Christal.

DYKMAN, J.:

Charles Christal and William B. Marsh, as executors of Alexander Hoag, deceased, commenced an action against William Christal and Joseph Struthers, in the Supreme Court, on a promissory note given to them by the defendants, in the firm-name of Christal & Struthers. An attachment was issued in the action on the ground of the non-residence of one of the defendants. For the purpose of procuring the discharge of the attachment, the plaintiff in this action gave the usual undertaking required by law, at the request of Mr. Struthers, one of the defendants. Judgment was recovered by the plaintiff in that action. Now the plaintiffs bring this suit to have the undertaking surrendered and canceled, on the ground that it was obtained by fraud and collusion, and also to have the judgment entered in the former action declared fraudulent and void as to them. The claim of the plain-

tiffs is, that the debt upon which the attachment suit was grounded was fictitious, and that the action was the result of a conspiracy to procure the undertaking from them, and then suffer a judgment to pass and collect the amount of it from the plaintiffs on their undertaking. This position of the plaintiffs is entirely unsupported by the testimony adduced on the trial. It was fully established that the promissory note upon which the attachment suit was commenced was given for money loaned to the defendants, and was an honest debt. It also appeared that the plaintiffs in that suit did nothing to induce the plaintiffs to make the undertaking. The answer of the defendants in the attachment suit was withdrawn, and the plaintiffs point to that as a circumstance in their favor; but without connecting the plaintiffs with it suspiciously, it cannot go to aid them. It would not be a defense to an action at law on the undertaking, much less is it proof of a conspiracy. In fact when it appeared that the claim of the plaintiffs in the attachment suit was an honest one, the foundation of the present action was gone. Without the element of fraud in that claim, the plaintiffs here could make no progress. Let it be conceded that the plaintiffs were induced to make the undertaking by the false representation of Struthers, one of the defendants in the attachment suit. That certainly is no reason for setting it aside. The undertaking was given to procure the release of the property from the attachment, and for the security of the attaching creditors. Certainly such creditors must not be affected by any fraud of the defendants in inducing the making of the undertaking, so long as they are not privy to it. The judgment of the court below must be affirmed, with costs. The order denying the motion for a new trial must be affirmed, with costs and disbursements.

A motion was made to set aside the trial and decision of this action on the ground of a mis-trial based upon these facts. The trial was commenced on the 27th day of October, 1877, before Judge PRATT, at the court-house in Brooklyn, and was continued until the 26th day of January, 1878, when it was completed. Testimony was taken on different days, both in the years 1877 and 1878. Judge PRATT'S term of office as justice of the Supreme Court expired on the 31st day of December, 1877, but having been re-elected he commenced a new term on the first day of January,

1878. No objection was made to proceeding with the trial at any of the meetings. We can take judicial notice of the fact that the Special Term of the Supreme Court in Brooklyn is always open.

So far as the objection rests upon the expiration of the term of office of Judge PRATT, it has no validity. There was no time when he was not a judge, for his new term commenced immediately upon the expiration of his old one. Besides, the cause was always in court, and the court never lost control of it. In relation to the adjournment of the trial of the cause beyond the term of the court at which it was commenced, we do not think that it was a mistake. The powers of the court were not abridged by the adjournment, and the judge was competent. Besides all this, the element of consent is a sufficient answer to both of these points. All the adjournments were without objection, and the parties must now be held to have consented to them, and to the final submission of the case to the judge for his determination. That portion of the order appealed from must also be affirmed.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment, and order denying new trial as a mis-trial, and order denying new trial upon the minutes affirmed, with costs.